Case 4:15-cv-03046   Document 21   Filed in TXSD on 05/27/16   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOKE HENRY EBERHARDT, § | |
| TDCJ #1892142, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-15-3046 |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice - Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent.¹ § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Hoke Henry Eberhardt, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that has resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The respondent has answered with a Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 18), along with a copy of the state court record. Eberhardt has filed a Petitioner's Traverse to Respondent['s] Answer (Docket Entry No. 19) and has also filed a Motion for Summary Judgement on his own behalf ("Eberhardt's Motion") (Docket Entry No. 20). After considering the pleadings, the state court record, and the

---

¹Effective May 1, 2016, Lorie Davis succeeded previous respondent William Stephens as Director of the Texas Department of Criminal Justice-Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I. Background

A local grand jury returned an indictment against Eberhardt in Montgomery County cause number 12-05-05302-CR, charging him with aggravated assault on a public servant (count one) and aggravated robbery (count two).[2] The indictment was enhanced for purposes of punishment with allegations that Eberhardt had at least one prior felony conviction.[3]

Eberhardt executed a waiver of his rights and entered a guilty plea to the charges against him under the terms of a written plea agreement.[4] Eberhardt elected to have a jury determine his punishment.[5] A jury in the 221st District Court of Montgomery County, Texas, sentenced Eberhardt to 30 years' imprisonment on count one.[6] The same jury sentenced Eberhardt to 50 years' imprisonment on count two.[7]

---

[2]Indictment, Docket Entry No. 17-24, p. 74.

[3]Id.

[4]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 17-23, pp. 17, 19.

[5]Id.

[6]Judgment of Conviction by Jury (Count I), Docket Entry No. 17-24, p. 75.

[7]Judgment of Conviction by Jury (Count II), Docket Entry No. 17-24, p. 77.

On direct appeal Eberhardt argued that the trial court erred by failing to instruct the jury to find him guilty before assessing punishment.[8] The intermediate state court of appeals found no error and affirmed the conviction. See Eberhardt v. State, Nos. 14-13-00936-CR, 14-13-00937-CR (Tex. App. — Houston [14th Dist.] June 26, 2014).[9] The Texas Court of Criminal Appeals refused Eberhardt's petition for discretionary review. See Eberhardt v. State, PDR No. 984-14 (Tex. Crim. App. Nov. 19, 2014).

Eberhardt challenged his conviction on state collateral review, arguing that he was entitled to relief because (1) his trial counsel was ineffective for failing to file a motion to dismiss for pre-indictment delay; (2) his guilty plea was unintelligently made because the trial court failed to properly admonish him; (3) trial counsel was ineffective for failing to file a "motion to suppress" or quash the charges for aggravated assault on a public servant; (4) his rights under the 5th and 6th Amendments were violated when he was interrogated in violation of Miranda v. Arizona, 86 S. Ct. 1602 (1966); (5) he was denied effective assistance of counsel during a critical stage of the proceeding (when he was taken before a magistrate following his arrest); (6) counsel was ineffective for failing to request a limiting instruction on extraneous offenses under Rule 404 of the

---

[8]Appellant's Brief, Docket Entry No. 17-14, p. 6.

[9]Opinion, Docket Entry No. 17-24, pp. 79-82.

Texas Rules of Evidence; and (7) he was denied effective assistance of counsel due to a "cumulative effect."[10] The state habeas corpus court entered findings of fact and concluded that Eberhardt was not entitled to relief on any of his claims.[11] The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[12]

Eberhardt has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254.[13] In his Petition Eberhardt raises the same claims that were presented on state collateral review.[14] The respondent has filed a Motion for Summary Judgment, arguing Eberhardt's claims are without merit.[15]

## II. Standard of Review

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a

---

[10]Application for a Writ of Habeas Corpus, Docket Entry No. 17-24, pp. 10-21.

[11]Findings of Fact and Conclusions of Law, Docket Entry No. 17-24, pp. 70-73.

[12]Action Taken, Writ No. 79,963-02, Docket Entry No. 17-21, p. 1.

[13]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1.

[14]Id. at 6-8.

[15]Respondent's Motion, Docket Entry No. 18.

federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that state-court decisions be given the benefit of the doubt.'" Renico

v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)). If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different

conclusion in the first instance.'" Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015) (quoting Wood v. Allen, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." Id.

### III. Discussion

#### A. Eberhardt's Guilty Plea

Eberhardt contends that his guilty plea was not intelligently or voluntarily made because the trial court failed to adequately admonish him in compliance with Boykin v. Alabama, 89 S. Ct. 1709 (1969).[16] The state habeas corpus court, which also presided over Eberhardt's guilty plea, found that this claim was without merit because Eberhardt "knowingly and voluntarily entered a plea of guilty."[17]

In Boykin the Supreme Court emphasized that "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." 89 S. Ct. at 1711-12. Boykin also recognized that for a guilty plea to be considered voluntary it must be accompanied with a waiver of certain rights, including: (1) the privilege against self-incrimination; (2) the

---

[16]Petitioner['] s Memorandum of Law in Support of His Petition for Writ of Habeas Corpus ("Petitioner's Memorandum"), Docket Entry No. 2, p. 5.

[17]Findings of Fact and Conclusions of Law, Docket Entry No. 17-24, p. 72, Finding of Fact No. 11.

right to trial by jury; and (3) the right to confront one's accusers. Id. at 1712 (citations omitted). Waiver of these rights cannot be presumed from a silent record. Id.

The record confirms that Eberhardt was fully admonished of the rights outlined in Boykin. Specifically, Eberhardt waived in writing "the right to a trial, including the right to trial by jury and a speedy trial, the appearance and confrontation and cross-examination of the witnesses against [him], the right to remain silent, and the right [] not to be compelled to give evidence against [himself] (at both the guilt and punishment stages)."[18] The written waiver form is signed by Eberhardt, his defense counsel, the prosecutor, and the trial court.[19] After advising Eberhardt of the applicable range of punishment for the charged offenses and determining that his decision to plead guilty was voluntary, the trial court accepted Eberhardt's plea.[20]

Official court records, such as the waiver form executed by Eberhardt, defense counsel, the prosecutor, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. Hobbs v. Blackburn, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong

---

[18]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 17-23, pp. 17, 19.

[19]Id.

[20]Reporter's Record, vol. 2, Docket Entry No. 17-3, pp. 7-9.

presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977); see also United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack. See Blackledge, 97 S. Ct. at 1629.

Eberhardt has not overcome the substantial barrier imposed by the record in this instance and has not demonstrated that his guilty plea was involuntarily or unknowingly made. Eberhardt does not otherwise establish that the state habeas corpus court's decision to deny relief was unreasonable or contrary to Boykin. Accordingly, Eberhardt is not entitled to relief on this claim.

B. **Eberhardt's Remaining Claims are Waived or Without Merit**

The respondent argues that all of Eberhardt's remaining claims are waived as the result of his voluntary and knowing guilty plea. It is well established that a voluntary guilty plea waives all non-jurisdictional defects preceding the plea. See United States

v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008); Gardner v. Wainwright, 433 F.2d 137, 139 (5th Cir. 1970) (citations omitted); see also Tollett v. Henderson, 93 S. Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). This includes claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).

All of Eberhardt's remaining claims concern non-jurisdictional defects and allegations of ineffective-assistance that do not concern the validity of his guilty plea. Accordingly, Eberhardt's remaining claims are waived by his valid guilty plea and cannot form a basis for review, much less relief.

Eberhardt's claim that his counsel was ineffective for failing to request a limiting instruction for extraneous offenses under Rule 404 of the Texas Rules of Evidence (claim six) could arguably have been intended by Eberhardt to pertain to his punishment proceeding. Assuming that this claim is not waived, the respondent contends that it fails as a matter of law. The state habeas corpus court concluded that this claim was without merit because "[a]n instruction limiting the jury's consideration of extraneous offenses, pursuant to Rule 404, was not required during

[Eberhardt's] punishment trial," citing TEX CODE CRIM. PROC. art. 37.07, § 3(a)(1).[21] Eberhardt has not shown that the state court's conclusion was wrong.[22] More importantly, Eberhardt has not shown that his counsel was deficient or that the state court's conclusion was contrary to or an unreasonable application of clearly established Supreme Court precedent for purposes of 28 U.S.C. § 2254(d). Accordingly, this claim is without merit.

Because Eberhardt has failed to establish a valid claim for relief, Respondent's Motion will be granted, Eberhardt's Motion will be denied, and the Petition will be denied.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner

---

[21]Findings of Fact and Conclusions of Law, Docket Entry No. 17-24, p. 72, Conclusion of Law No. 7.

[22]As the respondent correctly notes, a federal habeas corpus court cannot review the correctness of a state habeas court's interpretation of state law, even in the context of an ineffective-assistance claim. See Young v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004) (citations omitted). Nevertheless, Eberhardt was not entitled to a limiting instruction. Extraneous acts are generally inadmissible at the guilt/innocence phase of a trial. See TEX. R. EVID. 404(b)(1) (stating that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith). However, evidence of extraneous offenses are admissible during the punishment phase of a trial upon proof beyond a reasonable doubt. See TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1).

makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be

resolved in a different manner, a certificate of appealability will not issue in this case.

## V. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**.

2. Hoke Henry Eberhardt's Motion for Summary Judgement (Docket Entry No. 20) is **DENIED**.

3. Eberhardt's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 27th day of May, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE