United States District Court
Southern District of Texas
**ENTERED**
June 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOKE HENRY EBERHARDT, TDCJ #1892142, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3046 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**ORDER**

On May 26, 2016, the court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus petition filed by state inmate Hoke Henry Eberhardt (Docket Entry Nos. 21, 22). Eberhardt has now filed a motion for a 45-day extension of time to submit a "motion for rehearing" under Rule 25 of the Federal Rules of Appellate Procedure (Docket Entry No. 23). The motion is denied for the reasons explained below.

The Federal Rules of Appellate Procedure do not apply to civil actions in the district courts, which are governed by the Federal Rules of Civil Procedure. To the extent that Eberhardt requests leave to challenge the dismissal order, his request could be construed as a motion for an extension of time to file a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules

of Civil Procedure. A motion under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). This means that Eberhardt, as a pro se litigant, must deliver any motion to alter or amend the judgment to prison authorities for mailing within the 28-day period applicable to Rule 59(e). See, e.g., Sonnier v. Johnson, 161 F.3d 941, 943 n.1 (5th Cir. 1998) (observing that a pro se prisoner's Rule 59(e) motion was timely filed when delivered to prison authorities). Because the final judgment was entered on May 27, 2016, Eberhardt must deliver any Rule 59(e) motion to prison officials for mailing no later than June 24, 2016.

The time limit applicable to Rule 59(e) is mandatory and jurisdictional; it may not be extended by waiver of the parties or by rule of the district court. See United States Leather, Inc. v. H&W P'ship, 60 F.3d 222, 225 (5th Cir. 1995) (citing Vincent v. Consol. Operating Co., 17 F.3d 782, 785 (5th Cir. 1994)); see also Flores v. Procunier, 745 F.2d 338, 339 & n.4 (5th Cir. 1984) (citations omitted). The Federal Rules of Civil Procedure expressly prohibit extensions of time to act under Rule 59(e). See FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under . . . Rule 59(b), (d), and (e)"); Washington v. Patlis, 868 F.2d 172, 174 (5th Cir. 1989). The Fifth Circuit has emphasized that a movant's failure to serve his Rule 59(e) motion within the applicable time limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment. See United States

Leather, 60 F.3d at 225 (citing Flores, 745 F.2d at 339); see also Vincent, 17 F.3d at 785 (observing that a district court "is powerless to rule on an untimely Rule 59(e) motion"). Motions that are not timely under Rule 59(e) may be treated as motions for relief from the final judgment under Rule 60(b). See Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

Because the court may not extend the time to file a motion under Rule 59(e), it is **ORDERED** that Eberhardt's motion for a 45-day extension of time (Docket Entry No. 23) is **DENIED**.

The Clerk will provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 16th day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE